UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Bankruptcy No. 10 B 33523 |
| | ) | Chapter 7 |
| MARK M. HAN, | ) | Judge Pamela S. Hollis |
| Debtor, | ) | |
| | ) | |
| STEVEN W. HUANG and ANDREW C. LEE, | ) | |
| | ) | Adversary No. 11 A 00697 |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| MARK M. HAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter comes before the court on the Motion for Summary Judgment filed by Mark M. Han (the "Defendant") on the Adversary Complaint filed by Steven W. Huang and Andrew C. Lee (the "Plaintiffs"). The Motion for Summary Judgment seeks to dismiss Counts I—III of this Adversary Complaint for failure to state a claim upon which relief may be granted.[1] For the reasons set forth herein, Defendant's motion is granted, in part, and denied in part.

### JURISDICTION AND PROCEDURE

This court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Counts I—III are core proceedings under 28 U.S.C. § 157(b)(2)(I).

---

[1] This Motion was originally filed as a Motion to Dismiss, but by order of this court was converted to a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 12(d) which is made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012.

## UNDISPUTED FACTS

On February 6, 2009, Plaintiffs filed a lawsuit against the Defendant in the Circuit Court of Cook County, Illinois, captioned *Steven Huang and Andrew Lee v. Moojin Mark Han*, case no. 09 L 1408 (the "State Court Action"). That complaint asserted eleven counts, alleging that Defendant operated a scheme whereby he convinced Plaintiffs to participate in real estate ventures with false promises of profits, inducing them to enter into agreements with him to invest in high-risk dilapidated residences in the Chicago area. On May 19, 2009, the Circuit Court entered an order of default against the Defendant in the State Court Action.

On June 2, 2009, the Circuit Court conducted a prove-up hearing at which Plaintiffs presented evidence in support of a judgment against the Defendant. The Circuit Court entered a judgment in favor of the Plaintiffs in the amount of $294,196.65 on Counts II, III, IV, and V (the "June 2 Judgment"). No transcript exists of this hearing. At the prove-up hearing, the Circuit Court did not adjudicate the counts alleging violations of the Racketeer Influenced and Corrupt Organizations Act, the Illinois Consumer Fraud and Deceptive Practices Act, and common law fraud (the "Fraud Claims"). The Fraud Claims were listed as Counts I, VI, VII, VIII, and IX. Plaintiffs' counsel prepared and presented the June 2 Judgment to the Circuit Court for entry, but neglected to reference the Fraud Claims.

On July 1, 2009, Plaintiffs filed in the State Court Action a Motion to Reconsider June 2, 2009 Order and Voluntarily Dismiss Counts I, VI, VII, VIII, and IX. On July 20, 2009, the Circuit Court entered an order (the "July 20 Order") denying Plaintiffs' request to voluntarily dismiss the Fraud Claims as untimely and granting reconsideration and entering judgment against Defendant on Counts X and XI (the "Conversion Claims"). The July 20 Order did not include a specific dollar amount for the Conversion Claims.

2

The Defendant filed a voluntary petition for Chapter 13 bankruptcy on July 28, 2010. On September 24, 2010, the Defendant voluntarily converted to Chapter 7 bankruptcy. Plaintiffs commenced this adversary proceeding on March 22, 2011 seeking a determination of nondischargeability of their debts pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(2)(B), and (a)(6), Counts I, II, and III, respectively. Plaintiffs admit that the allegations of fact in the Adversary Complaint and the complaint in the State Court Action are substantially similar.

## DISCUSSION

In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). *See also Trentadue v. Redmon*, 619 F.3d 648, 652 (7th Cir. 2010).

The primary purpose of granting a summary judgment motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute. *Vukadinovich v. Bd. of Sch. Trustees of N. Newton Sch. Corp.*, 278 F.3d 693, 699 (7th Cir. 2002). Where the material facts are not in dispute, the sole issue is whether the moving party is entitled to a judgment as a matter of law. *ANR Advance Transp. Co. v. Int'l Bhd. of Teamsters, Local 710*, 153 F.3d 774, 777 (7th Cir. 1998). All reasonable inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *McKinney v. Cadleway Props., Inc.*, 548 F.3d 496, 499-500 (7th Cir. 2008).

Defendant argues that Plaintiffs' claims in this proceeding are barred by claim preclusion, also known as res judicata, given the disposition of the State Court Action. Claim preclusion has

three elements: (1) an identity of the parties or their privies; (2) an identity of the causes of action; and (3) a final judgment on the merits. *Czarniecki v. City of Chicago*, 633 F.3d 545, 548 (7th Cir. 2011). Causes of action are identical if they arise from "the same core of operative facts." *Highway J Citizens Grp. & Waukesha Cnty. Envtl. Action League v. U.S. Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) (internal quotation omitted).

In this case, it is undisputed that the identity of the parties is the same. Plaintiffs do not deny that the allegations of fact in the Adversary Complaint are substantially similar to the allegations of fact in the complaint in the State Court Action. Plaintiffs' response focuses primarily on the third element—that there was no final judgment on the merits. Plaintiffs argue that there was no final judgment on the merits. The Defendant argues that the June 2 Judgment and July 20 Order constituted a final judgment on the merits and, in any event, that Plaintiffs are precluded by judicial estoppel from asserting that there is no final judgment on the merits.

### I.   Judicial Estoppel

Defendant argues that Plaintiffs are precluded by judicial estoppel from asserting that the June 2 Judgment was not a final judgment on the merits. Defendant asserts that Plaintiffs undertook supplementary proceedings in an effort to enforce it, including issuing and serving numerous citations to discover assets and obtaining entry of turnover orders.

"Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him. This rule, known as judicial estoppel, generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *State of New Hampshire v. State of Maine*, 532 U.S. 742,

4

749 (2001) (internal quotations omitted). *See also* James W. Moore et al., *Moore's Federal Practice* § 134.30 (3d ed. 2009) ("The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding.") Judicial estoppel may be invoked at a court's discretion. *New Hampshire*, 532 U.S. at 750. The Supreme Court has identified three factors to consider in examining judicial estoppel: (1) whether the party's later position is "clearly inconsistent" with its earlier position; (2) whether the party against whom estoppel is asserted in a later proceeding has prevailed on the earlier position; and (3) whether the party seeking to assert the inconsistent position would derive an unfair advantage if not estopped. *Id.* at 750-51. *See also In re Airadigm Commc'ns, Inc.*, 616 F.3d 642, 661 (7th Cir. 2010)."Without judicial estoppel, parties' inconsistent litigating positions could undermine the integrity of the judiciary by 'creat[ing] the perception that either the first or the second court was misled . . . .'" *Airadigm*, 616 F.3d at 661 (quoting *Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 792 (D.C. Cir. 2010)).

Defendant filed a supplement to his Statement of Uncontested Facts with his Reply, attaching exhibits evidencing certain supplementary proceedings Plaintiffs undertook to collect on the June 2 Judgment including issuance of citations to discover assets directed to Defendant, Rodrick Wimberly, an attorney, and a number of financial institutions, an order for turnover of property directed to Foster Bank, and obtaining two rules to show cause and body attachments against Rodrick Wimberly and Defendant.

Defendant argues that in order for Plaintiffs to have undertaken supplementary proceedings, Plaintiffs necessarily took the position in the State Court Action that the June 2 Judgment was final and subject to enforcement and, thus, Plaintiffs should be barred by judicial estoppel from now asserting that the June 2 Judgment was not final.

Under Illinois law, supplementary proceedings pursuant to 735 ILL. COMP. STAT. 5/2-1402 are unavailable to a creditor until after a judgment capable of enforcement has been entered in that creditor's favor. *See Marble Emporium, Inc. v. Vuksanovic*, 790 N.E.2d 57, 62-63 (Ill. App. Ct. 2003) (holding that supplementary proceedings were conducted in error where judgment was entered against fewer than all parties because the judgment did not contain Rule 304 language and was therefore unappealable).

The supplementary proceedings pursued by Plaintiffs were available only after a judgment capable of enforcement had been entered. Plaintiffs are now arguing that there was no judgment capable of enforcement because it was not a final, appealable judgment. These positions are wholly inconsistent. It would be highly prejudicial to allow Plaintiffs to gain the benefit of supplementary proceedings, such as the Turn Over of Funds Order issued to Foster Bank, but allow Plaintiffs to assert in this adversary proceeding that there was no final judgment. Plaintiffs are precluded from taking the position that the June 2 Judgment was not a final judgment on the merits and the June 2 Judgment will be treated as such. Therefore, the court need not address whether the State Court Action resulted in a final judgment on the merits.

## II. Plaintiffs' Complaint

### a. Counts I and II

Count I is a claim under 11 U.S.C. § 523(a)(2)(A) alleging that Defendant through false pretenses, false representations, and/or actual fraud induced Plaintiffs to enter into certain agreements. The facts and allegations in Count I are substantially similar to the allegations made for the Fraud Claims in the State Court Action. Both allege that Defendant made false representations regarding the state of repair of certain property, the value of certain property, the character of certain neighborhoods, and the amount of income from certain property. Both allege

6

that Plaintiffs reasonably or justifiably relied on said representations and that said representations were deceptive or fraudulent. Count II is a claim under 11 U.S.C. § 523(a)(2)(B) alleging that Defendant induced Plaintiffs to enter into certain agreements by providing information in writing that was materially false and misleading. The facts and allegations underlying Count II are also substantially the same as the facts and allegations for the Fraud Claims in the State Court Action. Both allege that Defendant made fraudulent representations in order to induce Plaintiffs to enter into certain agreements and that Plaintiffs reasonably relied on said representations.

As discussed above, Plaintiffs are precluded by judicial estoppel from reasserting the Fraud Claims as a basis for any additional money judgment. Therefore, the facts underlying Counts I and II have already been fully and fairly litigated and are barred by res judicata.

    b. Count III

Count III is a claim under 11 U.S.C. § 523(a)(6) alleging that Defendant made certain representations with respect to an agreement between Defendant and Plaintiffs, that Defendant had no intention of following through on said agreement, and said conduct was willful and malicious.

Defendant asserts that Plaintiffs' Conversion Claims arose from the same set of operative facts as the Fraud Claims and the July 20 Judgment allowed no additional damages, suggesting that Plaintiffs suffered no additional or separate injury as a result of any alleged conversion. Plaintiffs argue that the July 20 Order on the Conversion Claims provided an additional basis for the June 2 Judgment and the amounts previously allowed and, therefore, the dollar amounts in the June 2 Judgment apply to the Conversion Claims as well as the other counts as collective money judgments. However, the Adversary Complaint did not include allegations of conversion in Counts I, II, or III. The factual background in the Adversary Complaint alleged that Defendant

converted an insurance check for $2,207, but that Defendant paid Plaintiff Lee $2,207 in July or August of 2008. There was no other mention of conversion.

However, the Conversion Claims in the State Court Action did not incorporate allegations about the insurance check, but asserted that Plaintiffs had the right to one-half of certain rental payments and that Defendant "willfully and maliciously" refused to make such payments. These facts were included in the Adversary Complaint's factual background and incorporated into Count III. The Conversion Claims did not rest upon the $2,207 check and, therefore, a question of fact remains regarding what portion of the June 2 Judgment, is any, is attributable to the Conversion Claims and if that portion is nondischargeable. Plaintiffs are not precluded by res judicata from asserting the facts underlying the Conversion Claims in Count III.

## CONCLUSION

For the reasons stated above, Plaintiffs are precluded by judicial estoppel from asserting that there was no final judgment as a result of the supplementary proceedings undertaken by them in the State Court Action. However, Plaintiffs did receive a judgment in their favor for breach of contract and conversion. The court will not find a new basis for finding a debt, but will determine the extent to which the existing debt is nondischargeable under 11 U.S.C. § 523(a)(6), a proceeding that did not exist in the Circuit Court.

Therefore, this adversary proceeding will go to trial on Count III of the Adversary Complaint.

ENTERED:

DATE: July 21, 2011

PAMELA S. HOLLIS
United States Bankruptcy Judge